# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| LAJEANRA POLK, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 3:17-cv-0871 |
| ) | Judge Aleta A. Trauger |
| GLORIA GROSS, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Presently before the court is the respondent's motion to dismiss the petition on the grounds that it is time-barred. (Doc. No. 11.) For the reasons set forth herein, the court finds that the petition is barred by the statute of limitations found at 28 U.S.C. § 2244(d)(1)(A). As a result, the court will grant the respondent's motion to dismiss.

## Discussion

I. Background

In October 2010, after a bench trial in the Montgomery County Circuit Court, the petitioner was convicted of one count of second-degree murder and one count of felony murder. (ECF No. 10-1 at Page ID# 66-67; *see also* ECF No. 10-8, *State v. Polk*, No. M2011-00226-CCA-R3CD, 2011 WL 5022816, at *1 (Tenn. Crim. App. Oct. 21, 2011) [*Polk I*].) The trial court merged the two counts and sentenced the petitioner to life in prison. (Id.)

The petitioner appealed to the Tennessee Court of Criminal Appeals ("TCCA") challenging the sufficiency of the evidence. (*See* ECF No. 10-8, *Polk I*, 2011 WL 5022816, at *1.) On October 21, 2011, the TCCA issued an unpublished opinion affirming the trial court's

judgment. (*Id.*) The petitioner filed an application for permission to appeal to the Tennessee Supreme Court ("TSC"), which was denied on February 16, 2012.[1] (*Id.*; *see also* ECF No. 10-11.) The petitioner did not file a petition for writ of certiorari in the United States Supreme Court. (ECF No. 1 at Page ID# 2.)

On January 23, 2013, the petitioner timely filed a petition for post-conviction relief in the trial court. (ECF No. 10-12 at Page ID## 605-13; *see also Polk v. State*, No. M2015-00431-CCA-R3-PC, 2016 WL 3267242, at *3 (Tenn. Crim. App. June 7, 2016) [*Polk II*].) Counsel was appointed on February 21, 2013, and on February 27, 2014, counsel filed an amended petition for post-conviction relief. (ECF NO. 10-12 at Page ID## 627, 629-32.) The petition for post-conviction relief was denied on August 28, 2014; however the post-conviction court inadvertently failed to mail copies of its opinion to counsel. (*Id.* at Page ID## 634-37.) As such, an amended opinion denying relief was entered on February 6, 2015. (*Id.* at Page ID## 638-41.) The petitioner appealed to the TCCA, which denied relief in an unpublished opinion issued on June 7, 2016. (*See* ECF No. 10-16; *see also Polk II*, 2016 WL 3267242, at *1.) Thereafter, the petitioner sought permission to appeal from the TSC, which was denied on September 22, 2016. (ECF No. 10-19; *see also Polk II*, 2016 WL 3267242, at *1.)

The petitioner filed a petition under 28 U.S.C. § 2254 in this court on or about May 15, 2017.[2]

---

[1] In Tennessee, review by the state Supreme Court is not required for exhaustion. Instead, "once the Court of Criminal Appeals has denied a claim of error, 'the litigant shall be deemed to have exhausted all state remedies available for that claim.'" *Adams v. Holland*, 330 F.3d 398, 402 (6th Cir. 2003) (quoting Tenn. S. Ct. R. 39).

[2] Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). The petitioner declares that she placed the petition in the prison mailing system on May 15, 2017. Accordingly, the petition shall be deemed filed as of that date. *See Brand v. Motley*, 526 F.3d

## II. Statute of Limitations

The petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

Here, as in most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the

---

921, 925 (6th Cir. 2008) (holding that the date the prisoner signs the document is deemed under Sixth Circuit law to be the date of handing to officials).

expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). After the TCCA issued an opinion affirming the trial court's judgments, the petitioner applied for permission to appeal to the Tennessee Supreme Court, which was denied on February 16, 2012. Petitioner did not file a petition for certiorari to the United States Supreme Court. The one-year limitations period, however, did not begin to run until the ninety-day period in which the petitioner could have sought review in the United States Supreme Court had expired. *See Lawrence v. Florida*, 549 U.S. 327, 332-33 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on May 17, 2012. Under § 2244(d)(1)(A), the petitioner had one year from that date in which to file her federal habeas petition. The petitioner did not file her federal petition in this court until May 15, 2017. Thus, absent tolling, her application is time-barred.

Although 28 U.S.C. § 2244(d)(2) provides that the one-year statute of limitation is tolled while a duly filed petition for state collateral review is pending, the tolling provision does not "revive" the limitations period (i.e., restart the clock); it can only serve to pause a clock that has not yet fully run. *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001). Once the limitations period has expired, collateral petitions can no longer serve to avoid a statute of limitations. *Id.*; *McClendon v. Sherman*, 329 F.3d 490, 493 (6th Cir. 2003). On January 23, 2013, when the petitioner filed her petition for state post-conviction relief the limitations period was statutorily tolled. *See* 28 U.S.C. § 2244(d)(2). On September 23, 2016, the day after the TSC denied review in the post-conviction proceeding, the limitations period resumed. *See Lawrence*, 549 U.S at 332.[3] At that point, the petitioner had 114 days within which to file her federal habeas

---

[3] The time for filing a petition for writ of certiorari from the denial of collateral review is not considered in determining the statute of limitations for filing a federal habeas petition. *See* 28 U.S.C. § 2244(d)(2); *Lawrence*, 549 U.S. at 333-334.

4

petition, or until January 16, 2017.[4]  The petitioner, however, did not file the instant petition until May 15, 2017, almost four months after the statute of limitations expired.  Thus, her petition is untimely.

The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling.  *See Holland v. Florida*, 560 U.S. 631, 645 (2010); *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009).  A petitioner bears the burden of showing that she is entitled to equitable tolling.  *See Keenan*, 400 F.3d at 420; *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004).  The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this court.  *See, e.g., Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011); *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010).  A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that [s]he has been pursuing h[er] rights diligently, and (2) that some extraordinary circumstance stood in h[er] way."  *Holland*, 560 U.S. at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Lawrence*, 549 U.S. at 335; *Hall*, 662 F.3d at 750; *Akrawi*, 572 F.3d at 260.

The petitioner suggests that she is entitled to equitable tolling for three reasons: (1) because the post-conviction court failed to send her counsel a copy of the order denying relief until an amended order was issued on February 6, 2016; (2) because she has mental health issues and (3) because her attorneys have failed "to fully explain things to" her. (ECF No. 14 at Page ID## 809-10.)

---

[4] January 14, 2017 was a Saturday, so the petitioner had until the following Monday, January 16, 2017 to file her federal petition. *See* Fed. R. Civ. P. 6(a)((1)(C).

The petitioner has failed to demonstrate that she was diligent in pursuing her rights or that some extraordinary circumstance prevented her from timely filing her federal habeas petition. First, direct review in the petitioner's state case concluded on May 17, 2012. The next day, the statute of limitations began to run. *See* Fed. R. Civ. P. 6(a)(1)(A)(explaining that "when a period is stated in days . . . exclude the day of the event that triggers the period.") The statute of limitations continued to run until the petitioner filed her petition for post-conviction relief in the state court on January 23, 2013. On that date, the statute of limitations stopped running. The time between the conclusion of direct review and the petitioner's filing of her post-conviction petition used up 251 days of the petitioner's one-year statute of limitations. Nothing the state post-conviction court did, or did not do, impacted the fact that 251 days of the statute of limitations had passed. The statute of limitations clock did not start to run again until the petitioner's state post-conviction proceedings concluded on September 22, 2016. Whether the petitioner's post-conviction proceedings took 1 year or 5 years does not matter; the statute of limitations would not, and did not, begin to run again until the post-conviction proceedings were concluded. Once the statute of limitations clock started to run again, the petitioner had 114 days within which to file her federal petition. The state post-conviction court's inadvertent failure to mail the petitioner's counsel a copy of the order denying relief until February 6, 2015, did not impact the running of the statute of limitations for filing a federal petition because the statute of limitations was tolled during the entire time the petitioner was pursuing state post-conviction relief. *See Lawrence*, 549 U.S. at 332 (recognizing that a state post-conviction application "remains pending" and thus tolls the statute of limitations, "until the application has achieved final resolution through the State's post-conviction procedures" (citing *Carey v. Saffold*, 536 U.S.

214, 220 (2002)). As such, the state post-conviction court's inadvertent error cannot form the basis for equitable tolling.

Second, "[a]lthough the mental incapacity of the petitioner can warrant the equitable tolling of the statute of limitations, . . . mental incompetence is not a *per se* reason to toll a statute of limitations." *McSwain v. Davis*, 287 F. App'x 450, 456 (6th Cir. 2008). To be entitled to equitable tolling, the petitioner must demonstrate that she is incompetent and that her alleged incompetence affected her ability to file a timely habeas petition. *See id.*; *see also Nowak v. Yukins*, 46 F.App'x. 257, 259 (6th Cir. 2002) (holding that the incapacity of the petitioner can warrant the equitable tolling of the statute of limitations where the petitioner makes a threshold showing of incompetence and demonstrates that the incompetence affected her ability to file a timely habeas petition).

The record before the court contains some evidence to support the petitioner's claim that she suffers from a mental illness. (*See e.g.* ECF No. 10-1 at Page ID## 50-51(report from the Middle Tennessee Mental Health Institute that the petitioner is competent to stand trial, but noting that the petitioner will need to take psychiatric medication in order "to remain sufficiently stable to continue to be competent to stand trial.") There is not, however, any evidence to support a causal connection between the petitioner's mental illness and her ability to file a timely federal habeas petition. The record establishes that the petitioner was able to timely file a post-conviction petition in the state court *pro se* and that the amended petition for post-conviction relief filed by counsel largely incorporated the petitioner's statement of grounds for relief, suggesting that the petitioner did an adequate job of presenting her claims. (*Compare* ECF No. 10-12 at Page ID## 605-13 to Page ID## 629-632.) Additionally, other than her bald assertion

7

that she has mental health issues, the petitioner has not alleged any facts that would suggest that her mental illness prevented her from timely filing her habeas petition. As such, the petitioner's mental health issues cannot form the basis for equitable tolling.

Finally, the petitioner's claim that her attorney did not properly advise her also cannot form the basis for equitable tolling. "'[I]gnorance of the law alone is not sufficient to warrant equitable tolling.'" *Griffin v. Rogers*, 399 F.3d 626, 637 (6th Cir.2005) (quoting *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir.1991)). This is so even for incarcerated pro se habeas petitioners. *Jagodka v. Lafler*, 148 F.App'x. 345, 347 (6th Cir. 2005) (per curiam). Additionally, even if the petitioner's failure to know or understand when her federal petition had to be filed was the result of incorrect advice from her attorney, "a petitioner's reliance on the unreasonable and incorrect advice of his or her attorney is not a ground for equitable tolling." *Allen*, 366 F.3d at 403 (citing *Jurado v. Burt*, 337 F.3d 638, 644-45 (6th Cir. 2003)). Moreover, the petitioner's "lack of actual or constructive knowledge of the filing requirement" is also not a basis for equitable tolling. *Allen*, 366 F.3d at 403-04; *see also Craig v. White*, 227 F. App'x 480, 482 (6th Cir. 2007).

The petitioner has not demonstrated diligence in attempting to timely file her federal habeas petition, nor has she established that any extraordinary circumstance prevented her from timely filing her petition. Consequently, she is not entitled to equitable tolling. Her habeas petition therefore is time-barred.

## Conclusion

Because the petitioner filed her petition after the statute of limitations expired and because she has failed to establish that she is entitled to equitable tolling, the respondent's motion to dismiss will be granted.

Federal Rule of Appellate Procedure 22 provides that an appeal of the denial of a habeas petition may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing § 2254 Cases requires that a district court issue or deny a COA when it enters a final order adverse to a §2254 petitioner. A COA may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A "substantial showing" is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citations and internal quotation marks omitted). Importantly, however, "a COA does not require a showing that the appeal will succeed." *Miller-El*, 537 U.S. at 337; *see also Buck v. Davis*, 137 S.Ct. 759, 773 (2017) (reiterating that "[a] court of appeals should limit its examination [at the COA stage] to a threshold inquiry into the underlying merit of [the] claims, and ask only if the District Court's decision was debatable" (internal citation and quotation marks omitted).)

Under the standard articulated in *Miller-El*, the court finds that jurists of reason would not disagree that the petition is barred by the statute of limitations. A COA will not issue.

An appropriate order is filed herewith.

ENTER this 29th day of November 2017.

_____
ALETA A. TRAUGER
UNITED STATES DISTRICT JUDGE